Filed 9/11/25  P. v. Rodriguez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FABIAN RODRIGUEZ,<br><br>    Defendant and Appellant. | H052330, H052331, H052333, H052336<br>(Santa Clara County<br> Super. Ct. Nos. C1775953, C1778051, C2216477, C2303755) |

Defendant Fabian Rodriguez appeals from a final judgment in a criminal action. Appointed counsel filed an opening brief summarizing the case but raising no issues.  We notified defendant of his right to submit written argument on his own behalf, and he did not do so.

In connection with the appeals, appointed counsel asked the trial court to correct an apparent error in the presentence custody credit awarded to defendant.  This court has been notified by appointed counsel and the trial court that, after initially reallocating presentence credit, the trial court then restored the original credit allocation that counsel had argued was erroneous.  Independently reviewing the record under *People v. Wende* (1979) 25 Cal.3d 436, we requested supplemental briefing regarding the presentence credit issue.  Both parties confirmed an error in the allocation of credit awarded to defendant; we agree and will correct the error.

# I. BACKGROUND

In 2019, defendant was charged in case No. C1775953 with murder (Pen. Code, § 187, subd. (a); unspecified statutory references are to this code). According to the probation report, defendant's friend contacted the victim and arranged to buy drugs, and defendant accompanied his friend to meet the victim. During the transaction and "without apparent provocation," defendant and his friend attacked and stabbed the victim, who died from his injuries.

In 2021, defendant was charged in case No. C1778051 with two counts of second degree robbery (§ 212.5, subd. (c)) involving personal use of a firearm. (§ 12022.53, subd. (b).) According to the probation report, defendant and another man entered a convenience store and asked the clerk for "an 18-pack of beer." When the clerk retrieved the beer from a locked refrigerator, defendant pointed a gun at her and the two men left the store without saying anything. Both the murder and the robbery took place in 2017, and the probation report states that defendant was arrested in connection with both cases on November 30, 2017.

In 2022, defendant was charged in case No. C2216477 with assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)). In 2023, he was also charged in case No. C2303755 with assault by means of force likely to cause great bodily injury. Both assault charges were based on attacks on fellow inmates in the Santa Clara County jail. In the latter case No. C2303755, defendant was alleged to have personally inflicted great bodily injury. (§ 12022.7, subd. (a).)

In 2024, the trial court found defendant competent to stand trial. Defendant then pleaded no contest to second degree murder in case No. C1775953; pleaded no contest to one count of robbery and admitted the firearm allegation in case No. C1778051; pleaded no contest to two counts of assault by means of force likely to cause great bodily injury in case Nos. C2216477 and C2303755; and admitted personally inflicting great bodily injury in case No. C2303755. In the murder case, defendant stipulated to a factual basis

2

for a finding that he was a major participant in the underlying felony who acted with reckless indifference to human life.

Consistent with a negotiated disposition, the trial court sentenced defendant to a determinate term of 10 years (consisting of the upper term of four years plus a three-year enhancement in case No. C2303755; a consecutive one-year term plus a one-year enhancement, in case No. C1778051; and a consecutive one-year term in case No. C2216477), consecutive to an indeterminate term of 15 years to life in prison for second degree murder, in case No. C1775953. The court waived all fines and fees other than victim restitution, which was ordered in the amount of $10,431.68. Defendant was awarded presentence custody credit of 2,368 days, apportioned as follows: 1,138 days in case No. C1775953; 730 days in case No. C1778051; 82 days in case No. C2216477; and 418 days in case No. C2303755.

## II.    DISCUSSION

Appointed counsel filed an opening brief summarizing the case but raising no issues. On March 4, 2025, the same day the brief was filed, appointed counsel sent a letter to the trial court stating "that while the number of presentence custody credits it awarded appellant was correct, the manner in which it allocated the credits was incorrect" because all 2,368 days of credit should have been allocated to case No. C1775953. Counsel cited *People v. Bruner* (1995) 9 Cal.4th 1178, 1192, fn. 9 (*Bruner*) for the proposition that "when consecutive terms are imposed for multiple offenses in a single proceeding, only one of the terms shall receive credit for presentence custody," and asked the trial court to reallocate defendant's credit accordingly.

On June 27, 2025, we directed the trial court to rule on counsel's request and directed appointed counsel to notify this court of the trial court's decision. The trial court and appointed counsel then informed us that after receiving counsel's March request for correction of defendant's presentence custody credit, the trial court had modified the judgment to award 2,338 days of custody credit in case No. C1775953 (and no credit in

3

the other cases).  After receiving this court's June 27 directive regarding counsel's earlier request, the trial court again modified the judgment to restore its original presentence credit allocation of 2,368 total days as follows:  1,138 days in case No. C1775953; 730 days in case No. C1778051; 82 days in case No. C2216477; and 418 days in case No. C2303755.

We requested supplemental briefing on whether the trial court's latest allocation of presentence custody credit among the four cases was erroneous.  The parties agree that an error occurred and that all 2,368 days of custody credit should be allocated to case No. C1775953.  (See § 2900.5, subd. (b); *Bruner*, *supra*, 9 Cal.4th at pp. 1180–1181; 55 Ops.Cal.Atty.Gen. 318, 322 (1972) ["Because a person serving consecutive sentences is deemed to be serving one continuous term, all time ordered credited must be credited to the beginning of that term."].)  We agree and will modify the judgment accordingly. Having reviewed the record and finding no other arguable issue, we will affirm the judgment as modified.

### III.    DISPOSITION

The judgment is modified to award defendant the total 2,368 days of presentence custody credit entirely in case No. C1775953.  As so modified, the judgment is affirmed. The trial court is directed to prepare amended abstracts of judgment and forward them to the Department of Corrections and Rehabilitation.

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Lie, J.


H052330, H052331, H052333, H052336
*The People v. Rodriguez*